IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DERRICK D. HILL                                                                                   PLAINTIFF

v.                                               Civil No. 5:18-CV-5102

KARAS MEDICAL CONTRACTOR                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned to make a Report and Recommendation.

Currently before the Court is Plaintiff's Motion to Voluntarily Dismiss his case without prejudice. (ECF No. 21). After careful consideration, I make the following Report and Recommendation.

## I. BACKGROUND

Plaintiff filed his Complaint on June 6, 2018. (ECF No. 1). He filed his Amended Complaint on July 16, 2018. (ECF No. 9). Defendant filed a Motion for Summary Judgment on February 1, 2019. (ECF No. 17). On February 4, 2019, the Court entered an Order directing Plaintiff to respond to the Motion within 21 days. (ECF No. 20). On February 25, 2018, Plaintiff filed his Motion to Dismiss. (ECF No. 21). In his Motion, Plaintiff states it was brought to his attention that he had insufficient evidence to proceed with his case. He would therefore like to dismiss his case so that he may gather appropriate evidence and relitigate in a timely manner. (*Id*. at 1). He requests the dismissal be without prejudice. (*Id*.). Defendant has not filed a Response to the Motion.

## II.  ANALYSIS

Under Federal Rule of Civil Procedure 41(a)(2), a Plaintiff's request for dismissal after a Defendant's Answer has been served requires a court order.  The dismissal may be granted "on terms that the court considers proper."  "When deciding whether to exercise its discretion to allow a voluntary dismissal, the district court should consider whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants."  *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (quoting *Donner v. Alcoa, Inc.* 709 F.3d 694, 697 (8th Cir. 2013) (internal quotations omitted)).

In this case, Plaintiff requested the dismissal after receiving information that he had insufficient evidence to proceed with his case.[1]  Defendant has not objected to the dismissal.  Thus, the Plaintiff has provided a proper reason for dismissal, and the Defendant does not appear to consider himself prejudiced by dismissal.  Nor does it appear that granting the dismissal will result in a waste of judicial time and effort.  It is, therefore, appropriate to grant Plaintiff's Motion for Dismissal.

## III.  CONCLUSION

Accordingly, I recommend that Plaintiff's Motion to Dismiss (ECF No. 21) be GRANTED and his case be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

---

[1] The Court notes there have been no discovery motions filed in this case.

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of March 2019.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3